_____

No. 95-1334
_____

Joe Henry Johnson,                  *
                                    *
        Plaintiff-Appellant,        *        Appeal from the United States
                                    *        District Court for the
    v.                              *        Eastern District of Arkansas.
                                    *
A. L. Lockhart, Director,           *
Arkansas Department of              *
Correction,                         *
                                    *
        Defendant-Appellee.         *

_____

Submitted:  September 15, 1995

Filed:  December 11, 1995
_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN,
    Circuit Judges.
_____

HANSEN, Circuit Judge.

    Joe Henry Johnson appeals from the judgment of the district court[1]
dismissing his petition for habeas corpus relief under 28 U.S.C. § 2254.
Johnson argues that his Sixth Amendment Confrontation Clause rights were
violated when the state trial court permitted a physician to testify
regarding certain out-of-court statements made by the alleged victim.  We
affirm.

_____

    [1]The Honorable Henry L. Jones, United States Magistrate
Judge for the Eastern District of Arkansas, sitting by consent of
the parties pursuant to 28 U.S.C. § 636(c).

Johnson was charged with rape under Arkansas law and a jury later found him guilty of the charge. The Supreme Court of Arkansas reversed the conviction. Johnson v. State, 732 S.W.2d 817 (Ark. 1987). Upon retrial, a jury again found Johnson guilty of rape. The Supreme Court of Arkansas affirmed. Johnson v. State, 770 S.W.2d 128 (Ark. 1989). The Arkansas courts subsequently denied Johnson postconviction relief. Johnson v. State, No. RC 91-15, 1991 WL 95721 (Ark. June 3, 1991).

The facts underlying Johnson's conviction occurred on April 27, 1985. On that day, Dr. Charles Kemp, a pediatrician, was called to the emergency room at St. Bernard's Regional Medical Center in Jonesboro, Arkansas, to examine the alleged victim, Jason Keiffer, who was nine years of age at the time. Dr. Kemp had never met Jason prior to the examination. Dr. Kemp testified at Johnson's second trial that Jason stated during the examination that Johnson had forced him to have anal intercourse on several occasions. At the time, Johnson was living with Jason's mother and Jason. Dr. Kemp undertook a complete physical examination of Jason, including Jason's rectal area, and found no evidence of sexual abuse.

Jason testified on Johnson's behalf at the second trial. Jason testified at length that the statements that he made to Dr. Kemp at the hospital were not true. He stated that he lied because he was angry with Johnson because Johnson had reneged on a promise to take him fishing that day. Jason also testified that subsequent, similar statements he made to a police officer, social worker, and deputy prosecutor had likewise been untrue.

Johnson filed the instant habeas petition alleging, inter alia, that the State violated his Confrontation Clause rights by the introduction of Dr. Kemp's testimony regarding Jason's out-of-court statements. The district court denied relief.

-2-

On appeal, Johnson renews his Confrontation Clause claim.[2] Johnson claims that this right was violated regardless of whether Dr. Kemp's testimony was admitted under Arkansas Rule of Evidence 803(4), as found by the district court, or under Rule 803(25), as implicitly held by the Supreme Court of Arkansas on direct appeal.

We need not determine the evidentiary rule under which the state trial court admitted Dr. Kemp's testimony in order to decide the Confrontation Clause issue, for we believe that the outcome of this case is governed by our holding in United States v. Spotted War Bonnet, 933 F.2d 1471 (8th Cir. 1991), cert. denied, 502 U.S. 1101 (1992). In Spotted War Bonnet, the issue was whether testimony given by a social worker and a clinical psychologist concerning out-of-court statements made by the alleged victims violated the defendant's Confrontation Clause rights. Id. at 1472. We concluded that no Confrontation Clause violation occurred because "[t]he Clause is satisfied when the hearsay declarants, here the alleged child victims, actually appear in court and testify in person." Id. at 1473. However, we also held that this rule was subject to certain limitations, such as when the declarant was too young or frightened to be meaningfully cross-examined. Id. at 1474. Accordingly, we fashioned the following test:

> [W]hen the contention is made that the live testimony of a given witness satisfies Confrontation Clause concerns as to the admissibility of out-of-court statements made by the same witness, the question is whether there is "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

Id. at 1474 (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)). See also United States v. Juvenile NB, 59 F.3d 771, 775 (8th Cir. 1995) ("In sum, when the child whose hearsay testimony is

_____

[2]The district court's disposition of Johnson's other habeas claims is not challenged on appeal.

admitted also testifies himself or herself, the only Confrontation Clause issue is whether the trial provided an opportunity for effective cross examination.") (internal quotations omitted); <u>Dolny v. Erickson</u>, 32 F.3d 381, 385 (8th Cir. 1994) (same), <u>cert.</u> <u>denied</u>, 115 S. Ct. 902 (1995).

In this case, the out-of-court declarant, Jason, testified at Johnson's trial. Although <u>Spotted War Bonnet</u> is not on all fours with this case because Johnson called Jason to the stand, we find this distinction analytically insignificant. <u>Spotted War Bonnet</u> and its progeny make clear that the dispositive point is that Johnson was afforded the opportunity to effectively <u>examine</u> Jason under oath and in front of a jury about the out-of-court statements, not that the examination must occur during the prosecution's case.

Johnson claims that <u>Spotted War Bonnet</u> is not controlling here because if Dr. Kemp had not testified regarding Jason's out-of-court statements, it is doubtful that Jason would have been called to testify at all. This argument is unpersuasive. To reiterate, our cases make clear that when the out-of-court declarant testifies at trial, the only Confrontation Clause issue which remains is whether the declarant could be effectively examined about the out-of-court statements. It is only when the declarant is too young or too frightened when he does appear in court to be meaningfully examined about the out-of-court statements attributed to him that the Confrontation Clause remains unsatisfied, and the analysis then turns to whether the admitted statements bear sufficient indicia of reliability to withstand Confrontation Clause scrutiny. <u>See</u> <u>Idaho v.</u> <u>Wright</u>, 497 U.S. 805, 816 (1990). Johnson does not claim, and after conducting our own independent review we do not find, that Jason was too young or frightened to be meaningfully examined about his out-of-court statements. Therefore, we conclude that Johnson's Sixth Amendment Confrontation Clause rights were not violated by

the admission of Dr. Kemp's testimony concerning Jason's out-of-court statements.[3]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Given this disposition, we decline to address the State's argument that Johnson's Confrontation Clause claim is procedurally defaulted.

-5-