111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve JIMENEZ, Defendant-Appellant.
 No. 96-10091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided April 3, 1997.
 
 Before: SCHROEDER, ALARCON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve Jimenez appeals from his conviction of aggravated sexual abuse in violation of 18 U.S.C. § 2241. His only contentions with any arguable merit relate to the inability of the government to produce the unpublished manuscript of the government's expert witness, Dr. Slaughter.
 
 
 3
 There was no violation of the Confrontation Clause, because defense counsel had a full and fair opportunity to vigorously cross-examine Dr. Slaughter. See United States v. Perkins, 937 F.2d 1397, 1405 (9th Cir.1991) ("[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish.' ") (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)); see also Pennsylvania v. Ritchie, 480 U.S. 39, 52-53 (1987) (plurality opinion) (confrontation is a trial right, which does not "require pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony").
 
 
 4
 The document was never in the possession of the government, so there was no violation of the Jencks Act, 18 U.S.C. § 3500(b). Jimenez also contends that there was a violation of Fed.R.Crim.P. 16(a)(1)(D), because the document was nevertheless within the government's control. Dr. Slaughter, however, refused to turn the document over to the government, and was under no legal obligation to do so. Hence the government was not in control of the document. See United States v. International Union of Petrol. & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989) ("Control is defined as the legal right to obtain documents upon demand.")
 
 
 5
 In the alternative, the appellant contends that the district court should have conducted a hearing on the scientific validity and relevance of Dr. Slaughter's testimony, pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993) (" Daubert I"), and Daubert v. Merrell Dow Pharmaceuticals, 43 F.3d 1311 (9th Cir.) ("Daubert II"), cert. denied, 116 S.Ct. 189 (1995). Defense counsel conducted extensive voir dire of the expert, however, which gave the district court a sufficient basis from which to make the preliminary assessment required by Daubert. See Daubert I, 509 U.S. at 592-93. The district court was able to conclude that the testimony presented was based on an ongoing study that was not prepared for this litigation, and which had been formally presented to at least one body of the expert's peers. Thus the two principal indicia of scientific validity on which we focused in Daubert II are fully present here. See Daubert II, 43 F.3d at 1317-18. The district court also concluded that the expert's training and knowledge in interpreting physical findings related to genital trauma qualified her to render an opinion on the relation between trauma and the contested issue of consent. ER 144. There was no abuse of discretion on the part of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3