IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50151
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIGMUND DEMOND COOKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-060-F (3)
_____

February 1, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Sigmund Demond Cooks was convicted of conspiracy to possess cocaine base with intent to distribute and of aiding and abetting distribution of cocaine base. Cooks appeals, arguing (1) that the testimony of a confidential Government informant who participated in a controlled purchase of cocaine base was insufficient to support his conviction because that testimony was faulty and unreliable; and (2) that his Sixth Amendment right to confront witnesses was violated when the district court restricted cross-examination of the confidential

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informant.

The credibility of the confidential informant's testimony is a question solely for the jury. See United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998). A confidential informant's testimony is thus sufficient to support a conviction unless it is incredible or otherwise insubstantial on its face. See United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993). Cooks has not shown that the confidential informant's testimony was incredible or otherwise insubstantial on its face; his argument is thus meritless.

Cooks also argues that the district court improperly limited the scope of his cross-examination by excluding evidence of the confidential informant's prior drug use and probation revocations. The Sixth Amendment Confrontation Clause "'only guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Pennsylanvia v. Ritchie, 480 U.S. 39, 53 (1987) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam)). The Confrontation Clause is not violated if the jury has sufficient information from which to appraise a witness' bias and motives. See United States v. Cooks, 52 F.3d 101, 104 (5th Cir. 1995).

Cooks was allowed to cross-examine the confidential informant about his previous convictions, his status as a Government informant, his spouse's status as a Government informant, his receipt of payment for his services as an

informant, his parole status, his prior sale of drugs, and inconsistencies in his testimony.  Cooks has not shown that the jury did not have sufficient information from which to appraise the confidential witness' bias or motives and thus has not met his burden to show that his rights under the Sixth Amendment were violated.  See id.  Our review of the record also leads us to conclude that the district court did not abuse its discretion in limiting the scope of cross-examination.  See United States v. Martinez, 151 F.3d 384, 390 (5th Cir. 1998) (noting that this court reviews a district court's ruling on the scope of cross-examination for abuse of discretion).  It cannot be said that "the trial court imposed unreasonable limits on cross examination such that a reasonable jury might have received a significantly different impression of [the informant's] credibility had defense counsel pursued his proposed line of cross examination." United States v. Baresh, 790 F.2d 392, 400 (5th Cir. 1986) (citing Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986)).

The judgment of the district court is AFFIRMED.