THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY STEVENS, Defendant-Appellant.

First District (3rd Division)   No. 1—87—1793

Opinion filed November 25, 1992.

Rita A. Fry, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore Burtzos, and Jeanette Sublett, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

After a jury trial, defendant, Larry Stevens, was convicted of criminal sexual assault, unlawful restraint, and intimidation. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13(a)(1), 10—3(a), 12—6(a)(1).) Defendant was sentenced to concurrently serve 10 years' imprisonment for the criminal sexual assault, five years' imprisonment for the intimidation, and three years' imprisonment for the unlawful restraint. Defendant appeals the judgment of conviction.

One fact in this case is uncontroverted: on March 15, 1985, defendant had sexual intercourse with 16-year-old A.R., the complainant. Defendant claims the act was consensual. The State and A.R. assert that it was not.

On appeal, defendant argues that: (1) his right to confrontation as guaranteed by the sixth amendment to the United States Constitution was violated; (2) the treating physician exception to the hearsay rule was improperly applied; (3) testimony of three witnesses was improperly admitted, thus denying him a fair trial; and (4) he was not proved guilty beyond a reasonable doubt.

■ Defendant first contends that his sixth amendment guarantee of the right to confrontation was lost as the complaining witness could not, or would not, respond to questions. Speaking to this issue, the United States Supreme Court in *Delaware v. Fensterer* (1985), 474 U.S. 15, 88 L. Ed. 2d 15, 106 S. Ct. 292, stated:

> "The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose the infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." (*Fensterer*, 474 U.S. at 21-22, 88 L. Ed. 2d at 21, 106 S. Ct. at 295.)

We find that the record here fails to demonstrate that the defendant's right to confrontation was violated. Here, the trial court properly made the determination that A.R. was competent to testify. A.R.'s testimony demonstrates that she had an ability to observe, recollect, and communicate. Moreover, A.R. responded to literally hundreds of questions put to her during cross-examination. Accordingly, we find that defendant had a full and fair opportunity for thorough cross-examination and, therefore, his right to confrontation was not violated.

■ We turn next to the defendant's assertion that the treating physician's exception to the hearsay rule was improperly applied. It is defendant's contention that the court erred in allowing the testimony of State witness Dr. Terry Baird, a physician who treated A.R. at the hospital she was taken to after the incident. We disagree. Prior to Baird's examination of A.R., A.R. told Baird that defendant pulled her into defendant's bedroom, hit her over the head with a belt, took her clothes off of her, and forced her into two acts of vaginal intercourse. A.R. told Baird what had happened to her for the purpose of receiving treatment at the hospital. Accordingly, we find these state-

ments were admissible and properly allowed into evidence. *People v. Gant* (1974), 58 Ill. 2d 178, 317 N.E.2d 564.

■ Defendant next argues that the repetition of the same evidence by three different witnesses, all not the declarant, was improperly admitted under exceptions to the hearsay rule and unduly prejudiced the jury and deprived him of a fair trial by allowing A.R.'s testimony to be bolstered by repetition. We disagree.

The first witness defendant complains of is Baird, whose testimony we discussed, *supra*. The second witness is Detective Leo Wilkosz of the Chicago police department, who was called to testify by the prosecution. A.R. relayed the same information to Wilkosz as she did to Baird. Wilkosz on direct examination testified that: he was assigned to investigate the case; he had spoken with A.R. at the hospital; A.R. was visibly upset at the hospital; and gave the details of his attempts to locate defendant. Wilkosz never testified on direct examination as to what A.R. had told him in her conversation with him at the hospital. Instead, it was defense counsel, on cross-examination, that elicited portions of Wilkosz's conversation at the hospital with A.R. It was only on redirect examination that the State questioned Wilkosz about this conversation, and then only to place his earlier testimony on cross-examination into context. Accordingly, Wilkosz's testimony was properly admitted into evidence pursuant to the completeness doctrine, which "permits a party to introduce the balance of an utterance or writing in order to explain, qualify or otherwise shed light on that portion of a statement introduced by an opponent." *People v. Pietryzk* (1987), 153 Ill. App. 3d 428, 438, 505 N.E.2d 1228.

Similarly, we find that the testimony of Officer Leo Dorociak of the Chicago police department regarding his conversation with A.R. was also properly admitted into evidence under the completeness doctrine. In fact, this conclusion is even more compelling with regard to Dorociak's testimony, given that Dorociak was called as a defense witness, and that it was defense counsel, on direct examination, that extracted the first details of Dorociak's discussion with A.R. of the incident. Thus, there was no error committed by the court in permitting these three witnesses to testify.

■ Next, defendant submits that the State failed to prove defendant was guilty beyond a reasonable doubt. From our reading the record, we conclude that there is ample evidence from which the jury could have concluded that defendant threatened A.R. with a mop and a bottle, hit her on the head with a belt, and then forced her to submit to two acts of vaginal intercourse. The jury chose to believe A.R.'s version of the incident. While the defendant's story is differ-

ent, it is the function of the jury to determine the credibility of witnesses and resolve conflicts. (*People v. Jordan* (1960), 18 Ill. 2d 489, 165 N.E.2d 296.) A court of review will disturb a finding of guilt only where the evidence is unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451.) In the instant case, the evidence leaves no reasonable doubt of the defendant's guilt.

██ The defendant raised two other issues on appeal: that a pediatric ecologist cannot be an expert under Illinois law; and that his sentencing hearing was improperly conducted. However, these issues are not cognizable on appeal for failure to have properly preserved them. *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.