986 F.2d 546
 300 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Edward E. BURKE, Appellant.
 No. 92-3080.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1993.
 
 Before WALD, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that in No. 92-3030, the judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Mr. Edward E. Burke was tried and found guilty of distributing five grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(iii). At Burke's trial, Officer Gregory Bush testified that he purchased cocaine from one Dax Nelson on October 22, 1990, and four days later, called Nelson to arrange a second drug purchase. Nelson testified that he gave a one-ounce package of cocaine to Mr. Burke and asked if he wanted to make a quick $100, to which Burke responded affirmatively. Conversely, Burke contends that he received nothing, and instead that he was only accompanying Nelson on an errand in return for Nelson agreeing to let Burke borrow his car. Nelson and Burke met Officer Bush in a car on Quincy Street and the three drove around the block, with Nelson driving, Officer Bush in the passenger seat and Burke in the backseat. According to Officer Bush, Burke was introduced as Nelson's brother Ed. When Nelson said to Burke, "You got it? Give it to him," Burke reached into his jacket and pulled out two ziplock bags containing 20.42 grams of cocaine and handed them to Officer Bush. Burke disputes this account, claiming that he neither witnessed nor participated in any transaction.
 
 
 5
 Officer Bush further explained on cross-examination that while he was aware that the police investigation was focussed on a large number of persons, including Nelson, he was not aware whether Burke was a target and did not in fact identify Burke from a photo array until several months after the drug sale. Nelson testified on cross-examination that he purchased large amounts of drugs from an organization known as the R Street gang and then sold for himself. He further stated that Burke was not involved with the R Street gang and that Burke was asked to assist in the transaction only because "[n]obody was around who [Nelson] usually get[s] to make transactions for [him]." According to Nelson, after his arrest, the police did not question him about the October 26th sale but asked him if he would cooperate with the government in a case against the R Street gang.
 
 
 6
 Officer Paul Hustler, who discussed the October 26th sale with Officer Bush shortly after the transaction had concluded, testified on behalf of the defense that at a preliminary hearing, he had testified that Bush had said that Nelson handed the cocaine to Bush, despite the fact that Bush had not said that. Officer Hustler also acknowledged that a statement of charges he prepared did not refer to Burke as being involved in the sale. Finally, Officer Hustler stated that when Burke was arrested, Burke was asked to cooperate in the investigation of the R Street gang.
 
 
 7
 On March 27, 1991, Burke and Nelson were charged in a ten-count indictment. Nelson pled guilty on September 5, 1991 and agreed to testify when needed by the government. The government moved to dismiss all but one count charging Burke with the distribution of cocaine base on October 26th 1990, and trial by jury on this charge commenced on November 22, 1991. Burke was found guilty and sentenced to 120 months imprisonment.
 
 
 8
 Burke argues on appeal that the district court's refusal to permit greater cross-examination of Officer Bush and Nelson regarding their alleged biases violated his Sixth Amendment confrontation rights, and that the district court erred in failing to give the jury his complete suggested instruction.
 
 
 9
 First, Burke's theory of the case was that:
 
 
 10
 (1) Officer Bush falsely implicated Edward Burke in the October 26th transaction in order to pressure Dax Nelson and Burke to become witnesses against the major defendants in what was known as the 'R Street Drug Conspiracy'; and (2) Dax Nelson falsely implicated Burke in order to get the benefit of the plea agreement he had entered into with the government to testify against the R Street defendants.
 
 
 11
 Appellant's Brief at 13. The notion that Officer Bush would lie about Burke's role in the October 26th transaction to force Nelson to testify against the R Street gang is undermined somewhat by the fact that Nelson eventually did testify against Burke at trial. However, even if Burke's defense was based upon some dubious speculation, he was nonetheless entitled to cross-examine witnesses in order to lay a factual foundation for his bias theory. Although "[p]roof of bias is almost always relevant," United States v. Abel, 469 U.S. 45, 52 (1984), the Sixth Amendment only guarantees "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination...." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). As the First Circuit has explained: "Defendants cannot run roughshod, doing precisely as they please simply because cross-examination is underway. So long as a reasonably complete picture of the witness' veracity, bias, and motivation is developed, the judge enjoys power and discretion to set appropriate boundaries. Indeed, the judge has the responsibility to do so." United States v. Boylan, 898 F.2d 230, 254 (1st Cir.), cert. denied, 111 S.Ct. 139 (1990).
 
 
 12
 Given the entire record in this case, we believe the district court acted within its broad discretion in placing limits on the cross-examination of Officer Bush and Nelson. In support of his theory, Burke was permitted to elicit the following facts: Officer Bush was aware that the government was involved in a large-scale investigation of the R Street gang; Nelson was a target of the R Street gang investigation; Nelson purchased large amounts of drugs from the R Street gang and did not usually use Burke to sell the drugs; there had been a previous drug sale on October 22nd involving only Nelson; Officer Bush's report on the October 26th sale did not provide a detailed description of Burke; after the sale, the police made repeated attempts to arrest Nelson but made no attempts to arrest Burke; upon Nelson's arrest, the government sought to have him participate in the case against the R Street gang; Officer Hustler testified at a preliminary hearing that Nelson was the person who handed the cocaine to Officer Bush; a photo array identification of Burke was not attempted until after Nelson was arrested and Nelson had initially refused to be a government witness; Burke was not identified by Officer Bush until five months after the sale; upon Burke's arrest, he was asked if he wanted to cooperate in the investigation of the R Street gang.
 
 
 13
 Nevertheless, Burke contends that the district court should have allowed him to pursue further Nelson's role in the R Street gang and Officer Bush's understanding of the scope of the R Street gang investigation, despite the fact that information on all these matters had already been elicited. Courts usually find constitutional error only where the defendant is permitted no opportunity to cross-examine a witness for potential bias. See Van Arsdall, 475 U.S. at 679 (violation of Confrontation Clause where "trial court prohibited all inquiry into the possibility that [the state's witness] would be biased") (emphasis in original); United States v. Pryce, 938 F.2d 1343, 1345 (D.C.Cir.1991) (violation where court "barred defense counsel from asking any questions about [witness's] hallucinations" three months before charged event) (emphasis in original), cert. denied, 112 S.Ct. 1488 (1992); United States v. Anderson, 881 F.2d 1128 (D.C.Cir.1989) (violation where the district court denied cross-examination of witness whose murder charge had been dismissed without prejudice regarding her reasons for testifying against the defendant). In this case, the district court permitted sufficient cross-examination for Burke to establish his theory that Nelson and Bush lied about Burke's role in the transaction. The district court did not abuse its discretion in refusing to allow more extensive questioning about the R Street gang where the court apparently believed that such testimony would not have furthered Burke's somewhat dubious theory, might confuse the issues before the jury and even potentially prejudice Burke by opening the door to damaging testimony about Burke's involvement in other criminal activities. See United States v. Sutton, 801 F.2d 1346, 1362-63 (D.C.Cir.1986). So long as the jury is presented with ample evidence to pass on the witness' potential bias, the confrontation right is not infringed, despite limitations on cross-examination. See United States v. Perkins, 926 F.2d 1271, 1278-79 (1st Cir.1991); United States v. Slade, 627 F.2d 293, 309 (D.C.Cir.), cert. denied, 449 U.S. 1034 (1980).
 
 
 14
 Second, Burke argues that the district court committed reversible error by failing to give the first of three sentences of his proposed instruction. The requested instruction provided:
 
 
 15
 It is the defendant's theory of this case that Officer [Bush], the undercover officer, falsely implicated the Defendant in order to pressure the Defendant and his brother, Dax Nelson to become witnesses against the major defendants in the R Street drug conspiracy investigation. It is further the Defendant's theory that Dax Nelson, falsely implicated Edward Burke and supported Officer [Bush's] testimony because Nelson is attempting to get the benefit of the plea agreement he entered into with the government to testify against the R Street defendants. If the evidence upon this trial creates in your mind a reasonable doubt as to whether the Defendant committed the act charged, then you must find the Defendant not guilty.
 
 
 16
 The district court gave the second and third sentences of the instruction with the modification that Nelson's agreement only required him "to cooperate with the government in giving testimony in such cases in which he had information." A district court commits no reversible error "if other instructions, in their entirety, adequately cover the defense theory." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990); see also United States v. Sayan, 968 F.2d 55, 62-63 (D.C.Cir.1992). In this case, the district court's instruction on credibility provided in part:
 
 
 17
 In reaching a conclusion as to the credibility of a witness
 
 
 18
 and in weighing the testimony of the witness, you may consider any matter that reasonably has a bearing on the subject. You may consider ... whether the witness impresses you as a truth telling individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters concerning which he has testified; whether the witness has any interest in the outcome of this case, or friendship or animosity towards other persons concerned with this case.
 
 
 19
 (emphasis added). Therefore, because "the substance of [Burke's] theory was conveyed in the jury instructions as a whole," Sayan, 968 F.2d at 63, we find that the district court's refusal to give Burke's proposed sentence did not amount to reversible error.
 
 
 20
 We affirm the conviction.