**William CHEATHAM, Petitioner,**

v.

**Michael NELSON, et al., Respondents.**

**No. 96–3595–DES.**

United States District Court,
D. Kansas.

Feb. 3, 2000.

**1164**

William Cheatham, Wichita, KS, petitioner pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Michael Nelson, Warden, respondent.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in the custody of the State of Kansas, proceeds pro se and in forma pauperis. Having reviewed the record, which contains respondents' Answer and Return and petitioner's Traverse, the court enters the following findings and order.

*Factual Background*

The state appellate court summarized the factual background to petitioner's state court conviction on one count of aggravated robbery as follows:

The facts, highly summarized, are that Cheatham and some other individuals, including Robert Montenegro, were involved in an altercation in which Montenegro was injured. Cheatham was eventually charged. Montenegro gave a statement that indicated that Cheatham had grabbed him; other people had "jumped" him; and that his car, as well as $360 in cash, had been stolen. In one statement, Montenegro positively identified Cheatham and others as participants in the robbery.

Prior to trial, Cheatham filed a motion to dismiss the charge and included an affidavit from Montenegro which stated that Montenegro no longer wished to proceed with charges against Cheatham and requested the State to dismiss the charge. The motion was denied.

During trial, a detective testified as to statements Montenegro and another individual had given him during their interviews after the incident. The State subsequently called Montenegro to testify. Montenegro stated he was currently in prison for burglary and maintained he could not remember what had occurred on the night in question. On cross-examination, Montenegro stated that Cheatham did not do anything and should be let go.

Another individual, Marquis Holmes, provided a different version which, highly summarized, indicated that four other people joined in the beating of Montenegro while Cheatham stood and watched. Holmes had previously stated to one of the officers that Cheatham had approached Holmes and others and asked them if they wanted to join him in robbing Montenegro. Holmes' prior statement was that Cheatham held Montenegro while another individual hit Montenegro over the head with a pull-out car stereo. Homes further stated earlier that Cheatham had taken Montenegro's wallet to check for money.

Holmes explained that his prior statement to the police was different because he did not want another individual, a minor, to be in trouble and was also trying to keep himself out of trouble. *State v. Cheatham,* Appeal No. 74,045, Kansas Court of Appeals (unpublished opinion, June 28, 1996).

In challenging the constitutionality of his state court conviction, petitioner asserts two claims. He first claims the trial court erred in admitting hearsay statements of the victim. Second, he claims the trial court erred in denying petitioner's motion for a directed verdict. Respondents admit that petitioner has exhausted state court remedies on both grounds.

*Standard of Review*

■ For petitions filed after April 24, 1996, a petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits by the state courts only if he establishes the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Additionally, all factual findings of the state court are presumed correct unless the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). These standards, imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) increase the degree of deference afforded to state court adjudications. *Boyd v. Ward,* 179 F.3d 904, 912 (10th Cir.1999) (*citing Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997) *petition for cert. filed* Dec. 6, 1999).

The Tenth Circuit Court of Appeals has applied these standards without need to define them beyond their precise statutory wording.[1] *See, e.g., Moore v. Gibson,* 195 F.3d 1152, 1164 (10th Cir.1999). Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the Circuit Courts, petitioner is not entitled to relief on any of his claims. *See Smallwood v. Gibson,* 191 F.3d 1257, 1265 n. 2 (10th Cir.1999).

---

1. The United States Supreme Court has granted certiorari to review 4th Circuit's interpretation of these standards. *See Williams v.*

*Discussion*

■ Petitioner contends the trial court abused its discretion in admitting pre-trial statements by Montenegro that implicated Cheatham in the robbery, where Montenegro later took the stand and testified he did not remember what happened the night he was attacked. Petitioner maintains Montenegro's loss of memory at trial rendered that witness unavailable for cross-examination on the prior statements, and effectively denied petitioner the opportunity and right to confront and examine the Montenegro's earlier statements.

To the extent petitioner argues his rights under the Confrontation Clause were violated, the court finds no merit to this claim.

The Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, *see Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI.

Significant to the present case however, witness loss of memory is not a basis for a Confrontation Clause violation. *United States v. McHorse,* 179 F.3d 889, 900 (10th Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 358, 145 L.Ed.2d 280 (1999). The Confrontation Clause "guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *Id.* (*quoting Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985)). The Confrontation Clause is satisfied where a defendant has the opportunity to reveal weakness in the witness' testimony, such as using the loss of memory to attack the witness' credibility. *Id.*

*Taylor,* —— U.S. ——, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999).

Here, Montenegro took the stand and was available for examination. The record details extensive questioning regarding his statement to the police, and as noted by the state trial judge, Montenegro did neither asserted rights under the Fifth Amendment nor refused to testify. Under these circumstances, no violation of the Confrontation Clause is established.

■ To the extent petitioner alleges the state exception for admission of hearsay evidence was not satisfied, no relief under § 2254 is available. *See Tyler v. Nelson,* 163 F.3d 1222 (10th Cir.1999) (no authority to correct errors of state law made by state courts) (*citing Jackson v. Shanks,* 143 F.3d 1313, 1317 (10th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 378, 142 L.Ed.2d 312 (1998) and *King v. Champion,* 55 F.3d 522, 527 (10th Cir.1995)). "When the admission of evidence in a state trial is challenged on federal habeas, the question is whether the error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Williamson v. Ward,* 110 F.3d 1508, 1522 (10th Cir.1997). No showing of such prejudicial error has been made in the present case.

Petitioner next contends he was denied due process when the trial court denied petitioner's motion for a directed verdict.

■ Petitioner essentially argues the evidence presented by the State was insufficient to support his conviction. Under *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), this Court is to consider, in the light most favorable to the prosecutor, the evidence presented at trial and any reasonable inferences drawn therefrom. The court also must defer to the jury's assessment of witness credibility. *Messer v. Roberts,* 74 F.3d 1009, 1013 (10th Cir.1996).

The Kansas Court of Appeals found that although the evidence presented at trial was highly controverted and at times con-

fusing, the statement of another participant who implicated petitioner, and the testimony of a detective as to what the victim told them at the time, were sufficient to sustain the verdict.

Having reviewed the record, the court finds this determination by the state court was neither contrary to clearly established Federal law as decided by the Supreme Court, nor did it involve any unreasonable application of such law.[2] Accordingly, petitioner is entitled to no relief on this claim.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

---

**2.** Whether Section 2254(d)(1) or 2254(d)(2) applies to a federal court's review of the sufficiency of the evidence is unsettled. *See Moore v. Gibson,* 195 F.3d 1152, 1176–77 (10th Cir. 1999) (Tenth Circuit cases have not been consistent in their treatment of whether a question of sufficiency of the evidence represents a legal conclusion or a factual determination).