United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50004
Summary Calendar
_____

JAMES PAUL PACE,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CV-33
---------------------

Before BARKSDALE, EMILO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Paul Pace, Texas prisoner # 790645, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions for aggravated sexual assault. He argues that the appellate court's actions in holding the appeal in abeyance and remanding the case to the trial court for findings of fact and conclusions of law in support of the trial court's denial of Pace's motion to suppress violated the Confrontation Clause. The trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court was required to make such factual findings under state procedural law.  See TEX. CRIM. PROC. CODE. ANN. art 38.22 § 6; cf. Sims v. Georgia, 385 U.S. 538, 544 (1967).  The trial court held an evidentiary hearing on the motion to suppress, during which Pace was allowed to cross-examine the witnesses against him, and the court relied on that hearing in formulating its factual findings. Pace has not shown that his rights under the Confrontation Clause were violated by the state's remedial procedure.  See Delaware v. Fensterer, 474 U.S. 15, 20 (1985).  The judgment of the district court denying Pace relief on his 28 U.S.C. § 2254 petition is AFFIRMED.