**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leslie Ann WHITTEMORE,
Defendant–Appellant.**

No. 06–30245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Dec. 27, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

636

———

Gary Y. Sussman, AUSA, Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Plaintiff–Appellee.

C. Renee Manes, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

Leslie Ann Whittemore appeals her conviction, contending that the district court's limitation on her cross-examination of the key witness at her trial, Michelle Gordon, violated her Sixth Amendment right to confrontation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Although the district court prevented Whittemore from using the precise statements made by Gordon and the district court during Gordon's plea colloquy, the questioning that was permitted was sufficient. On cross-examination, Whittemore was allowed to bring out that Gordon could benefit significantly from her agreement with the Government to cooperate, and that this cooperation included testify-

ing against Whittemore. Gordon further acknowledged that the Government's recommendation was necessary to reduce her Guidelines sentence calculation. As to possible sentences, Gordon admitted that as a result of her cooperation she might be sentenced to "probation staying in a treatment center." While she called this "home detention," she also conceded it was not prison time and would allow her to stay with her baby. Importantly, when asked if the Government's recommendation "could possibly bring you into a range where you might get a probationary sentence," Gordon answered: "It could possibly, but it's up to the judge." Whittemore's cross-examination elicited effectively the same information as was in the desired plea colloquy excerpt. The details thus revealed demonstrated Gordon's incentives to be biased for the Government, while also allowing Whittemore to illustrate the inconsistency and lack of candor in Gordon's testimony on this subject.

Whittemore was "permitted to cross examine the witness sufficiently to make clear to the jury what benefit or detriment [would] flow, and what [would] trigger the benefit or detriment, to show why the witness might testify falsely in order to gain the benefit or avoid the detriment." *United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir.2005). Although precluded from quoting the plea colloquy, the questioning that Whittemore was allowed makes her case analogous to *United States v. Jenkins*, 884 F.2d 433, 437–38 (9th Cir. 1989), where a trial court's exclusion of the words "coercion" and "duress" during cross-examination was upheld because the defense was otherwise "permitted to explore at length the pressures" the witness felt the Government had placed on him.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

" '[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam)). The cross-examination permitted Whittemore was constitutionally sufficient.

**AFFIRMED.**