09-4950-cr
*USA v. Fredette*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT: RALPH K. WINTER
DEBRA ANN LIVINGSTON
GERARD E. LYNCH
*Circuit Judges*,

UNITED STATES OF AMERICA,
         *Appellee*,

-v.-                                                      No. 09-4950-cr

DANIEL E. EWALD, TOWN OF CLARENDON, VERMONT OFFICE OF CHILD SUPPORT, LISA MAXFIELD
         *Petitioners*,

FRANCIS FREDETTE,
         *Defendant-Appellant.*

BARRY E. GRIFFITH, Griffith & Lundeen, P.C., Rutland, Vermont, *for Defendant-Appellant*.

BARBARA A. MASTERSON, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Tristam J. Coffin, United States Attorney, District of Vermont, Burlington, Vermont, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Francis Fredette ("Fredette") appeals from a November 19, 2009 judgment of the United States District Court for the District of Vermont (Murtha, *J.*), convicting him, after trial by jury, of one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of wire fraud, in violation of 18 U.S.C. § 1343, and sentencing him to concurrent 46-month terms of imprisonment on each count, followed by three years' supervised release, restitution in the amount of $790,864.62, and special assessments totaling $200. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Fredette's sole argument on appeal is that the district court erred in precluding him from playing the full contents of an audiotape recording which he proffered to refresh the recollection of a prosecution witness during that witness's cross-examination. Fredette argues that by so limiting cross-examination, the district court violated his rights under the Confrontation Clause of the Sixth Amendment. *See United States v. Lawson*, 683 F.2d 688, 693-94 (2d Cir. 1982). We review a district court's limitations on cross-examination for abuse of discretion. *See United States v. Crowley*, 318 F.3d 401, 418 (2d Cir. 2003). The right to confront and cross-examine witnesses "is tempered by a trial judge's wide latitude to impose reasonable limits in order to avoid matters that are confusing or of marginal relevance." *United States v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) (internal quotation marks omitted). We will reverse the district court under such circumstances only when its "broad discretion" has been abused, *United States v. Maldonado-Rivera*, 922 F.3d 934, 956 (2d Cir. 1990), and on the facts before us, Fredette has failed to demonstrate as much.

On appeal, Fredette argues fleetingly that the statements on the audiotape demonstrated bias on the part of the witness, and the district court's limitation on the use of the audiotape during cross-examination precluded him from adequately developing that bias for the jury. This assertion is belied by the record, however, which reveals that Fredette offered the audiotape at issue for the sole purpose of refreshing the witness's recollection. A district judge "has broad discretion to organize or limit the use of evidence to refresh recollection." *Berkovich v. Hicks*, 922 F.2d 1018, 1025 (2d Cir. 1991) (quoting *20th Century Wear, Inc. v. Sanmark-Stardust, Inc.*, 747 F.2d 81, 93 n.17 (2d Cir. 1984)). "It is basic evidence law . . . that the propriety of refreshing a witness' recollection on cross-examination lies largely within the sound discretion of the trial judge." *United States v. Baratta*, 397 F.2d 215, 222 (2d Cir. 1968). Here, moreover, the district judge did not, in fact, truly limit Fredette's use of the statements on the audiotape to refresh the witness's recollection. While the court precluded Fredette from playing the audiotape itself, it permitted him to use the *transcript* of the audiotape, without restriction, for the purpose of refreshing the witness's recollection. *Cf. Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (noting that the Confrontation Clause "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish") (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Fredette's counsel did so, and terminated his questioning of the witness on his own accord. In so limiting Fredette's use of the audiotape, the district court appropriately exercised its discretion "to impose reasonable limits on cross-examination" in light of "concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Id.* Accordingly, in light of the record before us, we

3

cannot conclude that the district court abused its discretion by precluding Fredette from playing the audiotape to refresh the witness's recollection.

To the extent that Fredette argues that the tape should have been received in evidence, he concedes, as he must, that he never actually offered the tape in evidence or presented the district court with any rationale for its admission. The district court cannot be faulted for failing to admit into evidence a tape that was never properly offered.

We have considered all of Fredette's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk