Filed 6/13/16  P. v. Maugeri CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078271 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F577) |
| v. | |
| RONALD RAY MAUGERI, | |
| Defendant and Appellant. | |

Defendant Ronald Ray Maugeri was found guilty by jury of lewd or lascivious acts with a child under the age of 14 years.  (Pen. Code, § 288, subd. (a).)  On appeal, defendant claims the trial court erred in admitting evidence of prior sexual misconduct (Evid. Code, § 1108),[1] and violated his right to confront the victim by improperly restricting cross-examination.  We affirm the judgment.

---

[1] Undesignated statutory references are to the Evidence Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In or around 1999 or 2000, defendant sexually molested Allison W. at least five times. Each time, he rubbed her vagina. Allison, who was born in 1995, was about four and a half years old at the time.

In November 2014, defendant was charged with three counts of lewd or lascivious acts with a child under the age of 14. (Pen. Code, § 288, subd. (a).) It was specially alleged the crimes fell within the statute of limitations. (Pen. Code, § 801.1, subd. (a).) It was also alleged defendant had a prior serious felony conviction for child molesting. (Pen. Code, §§ 1170.12, 667.61, subds. (a), (d)(1), 667, subd. (a)(1).)

Over defendant's objections and pursuant to section 1108, the court admitted evidence defendant sexually molested three other children. Heidi B. testified, when she was about 12, in or around 1988, defendant rubbed and digitally penetrated her vagina while she was sleeping at his house. The incident was reported to police when it happened, and Heidi recalled speaking to a police officer and testifying in court, but it is unclear what happened to any charges.

Tiffany G. testified, when she was about four years old, in or around 1991 or 1992, defendant, who is her uncle, rubbed and digitally penetrated her genitals and vagina. He pulled out his fingers, smelled them, and had her smell them. No criminal charges were filed against defendant.

The parties also stipulated defendant was convicted in 1992 of forcible lewd or lascivious acts with T.S., who was eight years old at the time. There was no evidence about the conduct involved.

After trial, the jury found defendant guilty, and found true the allegation regarding the statute of limitations, and that defendant had a prior serious felony for child molestation. The court sentenced defendant to five years plus 150 years to life.

## DISCUSSION

## I

Defendant contends the trial court abused its discretion when, pursuant to section 1108, it admitted evidence of defendant's prior sexual misconduct against Heidi, Tiffany, and T.S.

Section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." "[E]vidence of a defendant's other sex offenses constitutes relevant circumstantial evidence that he committed the charged sex offenses." (*People v. Falsetta* (1999) 21 Cal.4th 903, 920 (*Falsetta*).)

Section 352 gives the trial court discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." In exercising this discretion as to a sexual offense, the court must consider such factors as "its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*Falsetta, supra*, 21 Cal.4th at p. 917.) The presumption "will be in favor of admission." (*People v. Loy* (2011) 52 Cal.4th 46, 62 (*Loy*), italics omitted.) We review a trial court's determination under section 1108 for abuse of discretion. (*Loy, supra*, at p. 61.)

3

In determining the evidence was more probative than prejudicial, the trial court engaged in an extensive analysis, considering the remoteness of the prior acts, whether they were sufficiently similar, and relevance and potential prejudice.

Prior offenses are similar if, as here, they are sex offenses as defined in section 1108. (See § 1108, subd. (d)(1); see also *Loy, supra*, 52 Cal.4th at p. 63.) And, because defendant vaginally touched Heidi, Tiffany, and Allison, the circumstances were similar. While defendant digitally penetrated Heidi and Tiffany, and had Tiffany smell his fingers, this is not "of a significantly different nature and quality" or "inflammatory in the extreme" compared with defendant's vaginal touching of Allison. (See *People v. Harris* (1998) 60 Cal.App.4th 727, 738 [prior offense of violent and forcible sexual attack on a stranger was prejudicial and inadmissible when current crimes were licking and fondling an incapacitated victim and a former sexual partner], italics omitted.)

Also, while the victims' ages ranged from four to 12, all were prepubescent children. As the trial court reasoned, the evidence "show[s] or demonstrate[s] an abnormal sexual interest in pre-pubescent children. So the jury is entitled to hear that information and weigh that because it will go to [Allison's] credibility . . . ." (See *Loy, supra*, 52 Cal.4th at pp. 61-62 [prior sexual offenses may shed light on a defendant's claim of mistaken identity].)

Although the dates of the prior offenses (ranging from approximately 1988 to 1992) were somewhat remote from the 2014 trial, the charged incidents involving Allison occurred in or around 1999 or 2001. As such, it was approximately seven to 13 years between the incidents, and defendant was incarcerated for four of those years. (See *Loy, supra*, 52 Cal.4th at p. 62 [comparing the dates of the prior offenses to the date of the charged crime, and considering whether defendant was incarcerated between offenses, with "little or no opportunity to commit sexual crimes"].) The trial court did not abuse its discretion when it concluded the time span between all the acts was "fairly normal . . . ."

4

Defendant claims the evidence of prior sexual offenses is inadmissible because he was never charged with respect to the incidents involving Tiffany, and was never convicted with respect to the incidents involving Heidi. Where, as here, the evidence is more probative than prejudicial, section 1108 permits evidence of prior charged and uncharged charged sexual offenses for any relevant purpose, including proving propensity. (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1160-1161; see also *People v. James* (2000) 81 Cal.App.4th 1343, 1353, fn. 7 [section 1108 now permits the jury in sex offense cases "to consider evidence of prior offenses *for any relevant purpose*"], italics added.) Moreover, because both Heidi and Tiffany both testified at trial, with the opportunity for cross-examination, there is no suggestion the evidence placed an undue burden on defendant.

In addition, nothing in the record suggests the trial court's decision to admit the evidence posed a high likelihood of confusing, misleading, or distracting the jurors from their main inquiry. (*Falsetta, supra*, 21 Cal.4th at p. 917.) The parties do not dispute the jury was properly instructed regarding the different standard of proof for the prior acts, or regarding the relevance of the prior acts. As such, the trial court did not abuse its discretion in admitting the evidence here.

II

Defendant contends the trial court violated his rights to confront Allison by restricting his counsel's cross-examination when he asked whether she has "bad dreams," or if she "ever confused a dream for something [she] thought actually happened." Defendant notes the crux of his case was the credibility of Allison's recollections, and he contends he asked these questions during his recross-examination of her to determine whether Allison's memories were true and accurate, or whether they were the product of suggestion or fantasy.

A defendant may establish a violation of the confrontation clause by showing " 'that he was prohibited from engaging in otherwise appropriate cross-examination

5

designed to show a prototypical form of bias on the part of the witness, and thereby, "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." ' [Citation.] However, not every restriction on a defendant's desired method of cross-examination is a constitutional violation. Within the confines of the confrontation clause, the trial court retains wide latitude in restricting cross-examination that is repetitive, prejudicial, confusing of the issues, or of marginal relevance. [Citations.] California law is in accord. [Citation.] Thus, unless the defendant can show that the prohibited cross-examination would have produced 'a significantly different impression of [the witnesses'] credibility' [citation], the trial court's exercise of its discretion in this regard does not violate the Sixth Amendment. [Citation.]" (*People v. Frye* (1998) 18 Cal.4th 894, 946, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) The confrontation clause "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (*Delaware v. Fensterer* (1985) 474 U.S. 15, 20 [88 L.Ed.2d 15, 19] (*per curiam*), original italics.)

At trial, defense counsel argued the proposed questions were offered because "people often times have their memories affected by the passage of time or by other circumstances, such as bad dreams, anxieties, psychological delusions or illusions. . . . [T]he Court . . . should have allowed in some opportunity to determine if the witness could distinguish between reality or a bad dream or to at least explore if she might not have confused some other experience that was not based in reality with her testimony." The court sustained the People's objection because no foundation had been established for asking the questions, and because this line of questioning would have been more time consuming than probative. (§ 352.)

Although Allison testified she only realized the molestation was wrong when she was older, i.e., after hearing "stuff on TV about people being molested and put two-and-two together, that it happened to me and that it wasn't okay," there was no evidence

6

suggesting she was ever confused about whether defendant touched her. As such, there was no basis to indicate she confused dreams with reality.

And, as the court noted, the court gave defense counsel "a lot of leeway to ask a lot of questions testing her memory," including Christmas presents, pets, vacations, what clothing she and defendant wore, what defendant's apartment looked like, who lived at the apartment building, where her mother worked, and who took care of her while her mother was working.

It cannot be said that the court's decision to exclude the evidence pursuant to section 352 was arbitrary, capricious, or beyond the bounds of reason. (*People v. Welch* (1993) 5 Cal.4th 228, 234.) Further, the court did not violate defendant's constitutional right to confront witnesses or his right to due process of law. (*Delaware v. Van Arsdall* (1986) 475 U.S. 673, 679 [89 L.Ed.2d 674, 683] ["trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination"]; *People v. Babbitt* (1988) 45 Cal.3d 660, 685 [where "defendant's evidence failed to meet the threshold requirement of relevance, its exclusion pursuant to section 352 did not implicate any due process concerns"].)

DISPOSITION

The judgment is affirmed.

                                        NICHOLSON        , J.


We concur:


    BLEASE          , Acting P. J.



    ROBIE           , J.


7