NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4544 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-00042-AGS-1 |
| v. | |
| HUGO OLVERA NAJERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted December 4, 2025**
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.***

A jury convicted Hugo Olvera Najera for attempted transportation of an

illegal alien under 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II).  During trial, the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

district court admitted into evidence the videotaped deposition of the alien whom Najera unlawfully sought to bring into the United States. Najera argues that this violated his Sixth Amendment right to confront an adverse witness. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* alleged violations of the Confrontation Clause. *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017). We affirm.

We find no error in the district court's admission of the videotaped deposition. A district court has statutory authority to admit the deposition of a witness who has "been deported or otherwise expelled from the United States," so long as "the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence." 8 U.S.C. § 1324(d).

Najera first contends that he lacked a meaningful opportunity to cross-examine the witness because "[t]he witness was unresponsive, directed by the government attorney not to answer questions, and was evasive throughout the deposition." This contention lacks merit. The fact that the witness failed to answer Najera's questions to Najera's personal satisfaction does not constitute a violation of the Confrontation Clause. *See Delaware v. Fensterer*, 474 U.S. 15, 21-22 (1985) ("The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion."). And no record evidence supports Najera's

contention that the government encouraged the witness not to answer his questions. The government objected only once during the deposition. That objection was to a compound question, which Najera's counsel then rephrased. The sole attorney to temporarily instruct the witness not to answer a question was the witness's own counsel.

Najera also asserts that prosecutors failed to make good-faith efforts to produce the witness at trial. *See United States v. Rodriguez*, 880 F.3d 1151, 1166 (9th Cir. 2018) (explaining that for the government to enter a witness's videotaped deposition into evidence under § 1324(d), it must comply with the Confrontation Clause's mandate to make good-faith efforts to produce the witness). This assertion likewise fails. Najera does not claim that the government neglected to try to procure the witness for trial; he argues that prosecutors improperly sought to make the witness unavailable for trial by failing to keep her in detention. But the witness, who could not post bond, requested to be deposed so that she could return to Mexico to be with her minor child, rather than remain detained. Given that fact, and that no party argued that her release would be unfair, the government had no right to continue her detention. *See* 18 U.S.C. § 3144; *Torres-Ruiz v. U.S. Dist. Ct. for the S. Dist. of Cal.*, 120 F.3d 933, 935 (9th Cir. 1997) (holding that when the conditions of § 3144 are met, "the district court *must* order [a] deposition and prompt release" (citing *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992))

24-4544

(emphasis in original)).  Indeed, Najera himself consented to the witness's release. And both before and after the witness was released, the government made ample good-faith, reasonable efforts to ensure that she would appear for trial—including confirming that the witness understood her trial obligations during the deposition; offering to pay her travel expense to return for trial; serving the witness with a travel advance letter, parole letter, and trial subpoena; coordinating with the witness's counsel to attempt to contact the witness after her return to Mexico; working with Border Patrol's Foreign Operations Branch to locate her; and checking public records and attempting to contact the witness via her known close contacts.

In sum, we hold that the district court did not err in admitting the videotaped deposition under 8 U.S.C. § 1324(d).

**AFFIRMED.**