UNITED STATES of America, Appellee,

v.

Denis YUROFSKY, Alexander Muchnik, Defendants–Appellants.

Docket Nos. 01–1360, 01–1627.

United States Court of Appeals, Second Circuit.

Dec. 30, 2002.

Albert Y. Dayan, Richmond Hill, NY, for Defendant–Appellant Yurofsky.

Robert Koppelman, New York, NY, for Defendant–Appellant Muchnik.

Patricia E. Notopoulos (Cecil C. Scott, on the brief), Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present FEINBERG, MESKILL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Denis Yurofsky and Alexander Muchnik appeal from judgments entered in the United States District Court for the Eastern District of New York (Gershon, *J.*), following a jury trial, convicting both defendants of conspiracy to commit securities fraud and mail and wire fraud in violation of 18 U.S.C. § 371, and convicting Muchnik of securities fraud in violation of 15 U.S.C. § 78J(b), of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and conspiracy to engage in monetary transactions derived from unlawful activity in violation of 18 U.S.C. §§ 1956(h) and 1957.

A significant portion of the government's case against Yurofsky and Muchnik was based on English translations of Russian conversations that had been recorded on audio tape by a government agent. Cyrillic transcripts were also prepared, though the translator had worked only from the audio tapes. Prior to trial, the court informed the defendants that they were required to raise any specific complaints about the translations or proffer alternative translations before the start of trial. The defendants did not avail themselves of this opportunity. At trial, however, counsel for Yurofsky embarked on an extensive cross-examination of the government's translator. It quickly became apparent that the attorney spoke Russian, as he

began questioning the translator on the minutia of her translation. The district court accurately characterized the cross-examination as follows: "[It] went far beyond questioning the witness's credentials, background and biases and included numerous challenges to translations of specific words. The cross-examination became argumentative." *United States v. Yurofsky,* 148 F.Supp.2d 230 (E.D.N.Y. 2001) (order denying motions for a new trial) at 2.

The court halted the cross-examination and, outside the presence of the jury, ascertained that Yurofsky's attorney had marked the government's transcripts with approximately one hundred claimed mistranslations about which he intended to cross-examine the witness. At that point, the court instructed that he first make his proposed changes known to the government. The government then agreed to approximately eighty of the suggested modifications.

After the changes had been made, the court handed down a number of evidentiary rulings. First, since the translation had been made from the audio tape, the Cyrillic transcript was removed from evidence. Second, the court barred the defense from questioning the translator about any of the accepted alterations, except those to sections of the transcript that had already been the subject of cross-examination by the defense. As to the latter modifications, the court allowed the defense to question the expert about why she had changed her mind and allowed the alterations. Finally, with respect to the approximately twenty proposed changes that the government did not accept, the court limited questioning to the correspondence between the translation and what the translator had heard on the audio tape, prohibiting the defense from asking whether the translation corresponded to the Cyrillic transcript.

Subsequent to a jury finding that the Yurofsky and Muchnik were guilty, the appellants moved pursuant to Rule 33 for a new trial, arguing that the district court's evidentiary ruling violated various provisions of the United States Constitution, including the Due Process Clause, the Confrontation Clause, the right against self-incrimination, the right to make a defense and the right to effective assistance of counsel. The district court denied these motions.

On appeal, Yurofsky and Muchnik argue that the limitations imposed on their cross-examination of the government's translator violated their constitutional rights to due process of law, to confront the witness against them, to effective assistance of counsel, and to present a defense. The thrust of their appeal is that they were denied the opportunity to impeach the credibility of the translator by a detailed examination of all of the possible alternative translations—whether substantive or not—of the recorded conversations.

We review the trial judges limitation on cross-examination for abuse of discretion. *See United States v. Laljie,* 184 F.3d 180, 192 (2d Cir.1999).

While the defendants had the right to attempt to impeach the government's translator, they did not have the right to do so by whatever method they chose. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (*per curiam*). In this case, the district court determined that the probative value of cross-examining the translator as to numerous alternative translations, many of which did not go to

**16**

the substance of the government's case or the appellants' defenses, "was overwhelmingly outweighed by its tendency to confuse the issues, mislead the jury and unduly delay a protracted trial." *Yurofsky,* 148 F.Supp.2d 230. We find this judgment well within the court's discretion. Moreover, Judge Gershon's approach is consistent with the general rule in this circuit that "where the defense and prosecution disagree as to the contents of [an audio] tape, the proper procedure is for the jury to receive transcripts of both sides' versions." *United States v. Chiarizio,* 525 F.2d 289, 293 (2d Cir.1975).

The defendants were allowed to cross-examine the translator as to her credentials, abilities and any biases, as well as to the disputed portions of the transcript. This was sufficient opportunity to impeach the translator's credibility. They were not, therefore, denied either a chance to confront the witnesses against them or the effective assistance of counsel, much less due process or the ability to present a defense.

We have considered all of the appellants' other claims, including their assertion that the jury should have been told that the government agreed to numerous changes to the transcript, and find them without merit. Accordingly, we AFFIRM the judgment of the district court.