**Anna BUSHARD, Petitioner–Appellant,**

v.

**Joan YUKINS, Respondent–Appellee.**

No. 02–1319.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2004.

---

Anna Bushard, pro se, Plymouth, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

PER CURIAM.

Petitioner Anna Bushard appeals the district court's denial of a writ of habeas corpus for her claims that: 1) Michigan violated her Fourteenth Amendment right to due process by failing to disclose a prior conviction of the primary prosecution witness along with her Sixth Amendment right to confrontation based on that misconduct; and 2) Bushard's trial and appellate defense counsel were constitutionally ineffective for failing to uncover and utilize this conviction. We **AFFIRM** the district court.

## I.  BACKGROUND

In 1988, Bushard was convicted of conspiracy to commit first degree murder and first degree murder, which conviction was ultimately affirmed in 1993 by the Michigan Supreme Court. In 2001, Bushard filed for a writ of habeas corpus in federal district court following the exhaustion of state court remedies. The district court denied the petition, but granted a certificate of appealability as to her *Brady* claim that the prosecution suppressed a prior conviction of a key witness and her ineffectiveness of counsel and confrontation claims.

Bushard was convicted of conspiring to kill Rod Fancher, the live-in fiance of Bushard's daughter, Cora. Peggy Stevens,

---

* The Honorable William O. Bertelsman, United States District Court Judge for the Eastern District of Kentucky, sitting by designation.

Bushard's other daughter, was the prime witness at trial. Stevens testified that she was part of a conspiracy with her husband and Bushard to have Fancher shot, outlining the explicit details of the conspiratorial arrangements between them. However, her testimony was not the sole evidence used at trial. Rhonda Howlett, a pretrial cellmate of Bushard, testified that Bushard made incriminating comments in her presence, including some that only a person with inside knowledge of the conspiracy could presumably possess. Mary Fancher, the victim's mother, also corroborated Stevens's account of conspiratorial arrangements.

During trial, the defense attempted to cross-examine Stevens in regard to a prior act of misconduct for a trailer theft. The trial court refused, ruling that without a conviction for the misconduct, it was improper impeachment. In fact, Stevens had been convicted of the misconduct, which Bushard discovered in 1996. Bushard claims the suppression of this evidence was a *Brady* violation, demonstrated the constitutional ineffectiveness of her trial and appellate counsel for failing to discover and utilize the conviction and deprived her of her Sixth Amendment right to confrontation. The district court found insufficient prejudice to warrant relief under any of these claims.

## II. ANALYSIS

We review the legal conclusions of a district court's denial of a writ of habeas corpus de novo. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

### A. BRADY VIOLATION

For a *Brady* violation, Bushard "has the burden of establishing that the prosecutor suppressed evidence; that such evidence was favorable to the defense; and that the suppressed evidence was materi-

al." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir.2000). For suppressed evidence to be material, there must be a reasonable possibility that there would have been a different result had the evidence been disclosed. *Kyles v. Whitley*, 514 U.S. 419, 434–35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Bushard has not shown this. First, Stevens's testimony was corroborated by two independent sources, Howlett and Mary Fancher. Second, and most importantly, Stevens's credibility had already been significantly impeached. Bushard's trial counsel elicited that Stevens was given complete immunity for the murder in exchange for her testimony, she implicated Bushard during an attempt to secure immunity for her husband and she gave previous statements that had not implicated Bushard. In this context, the additional impeachment value of the larceny conviction is cumulative and slight. *See Byrd v. Collins*, 209 F.3d 486, 518–19 (6th Cir. 2000). The jury had far more compelling reasons than a larceny conviction to question Stevens's credibility, but still chose to believe Stevens. With such a strong assault on Stevens's credibility, there is no reasonable possibility that the additional impeachment value from the larceny conviction would have yielded a different result by resolving the credibility issue in favor of Bushard.

### B. INEFFECTIVENESS OF COUNSEL

Bushard claims her trial and appellate counsel were deficient for not uncovering Stevens's conviction. As we find no prejudice from the missing conviction, Bushard's ineffectiveness claim fails as "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judg-

ment." *Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## C. SIXTH AMENDMENT RIGHT TO CONFRONTATION

*Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), states that the right to confrontation is the right to effective cross-examination for the specific purpose of testing witness credibility. However, the Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985)(original emphasis). There is a distinction between general attacks on credibility, such as prior convictions, and specific explorations of biases and motivations of a witness. *Davis*, 415 U.S. at 316. A court's denial of a general attack on credibility does not rise to a violation of the Sixth Amendment. *Boggs v. Collins*, 226 F.3d 728, 736–37 (6th Cir.2000). In Bushard's case, the impeachment by a prior conviction does not warrant relief, as it is an attack on general credibility rather than a specific inquiry into Stevens's biases and motivations.

**AFFIRMED.**