**UNITED STATES of America,**
**Appellee,**

v.

**Carlos GARCIA, Defendant–Appellant.**

**No. 03–1562.**

United States Court of Appeals,
Second Circuit.

Dec. 10, 2004.

Mark Fernich, Law Office of James F. Froccaro, Jr. (James F. Froccaro, Jr.,)

Port Washington, New York, for Appellant, of counsel.

Peter Katz, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Susan Corkery, Assistant United States Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: NEWMAN, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

The defendant-appellant, Carlos Garcia, appeals from a judgment, after a second jury trial, convicting him of one count of conspiring to distribute, and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). This case comes before us for the second time; in the previous appeal, we vacated Garcia's conviction and remanded for a new trial. *See United States v. Garcia*, 291 F.3d 127 (2d Cir. 2002). At retrial, the district court admitted—with some redactions, pursuant to this Court's ruling—the prior testimony of the principal government witness, Ariel Toro Balcarcel, who disappeared nine months after testifying in Garcia's first trial, before his own sentencing, and is presumed to have fled. Balcarcel previously had been arrested and released on bail after agreeing to cooperate with the government. On appeal, Garcia asserts that the admission of Balcarcel's prior testimony violated his Sixth Amendment right to confrontation and was contrary to Federal Rule of Evidence 804(b)(1). In addition, Garcia contends that he received constitutionally ineffective assistance of counsel at trial. Finally, he argues that his sentencing was, under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), impermissibly enhanced, but he asks us to reserve ruling on this argument pending the Supreme Court's decisions in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004).

We review claims of Confrontation Clause violations *de novo*, if preserved for appellate review, subject to harmless error analysis, *see United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004); unpreserved objections are subject to plain error review, *United States v. Dukagjini*, 326 F.3d 45, 59 (2003), *cert. denied, sub nom. Griffin v. United States*, —— U.S. ——, 124 S.Ct. 2832, 159 L.Ed.2d 259 (2004). Because Garcia's trial counsel explicitly referred to the Sixth Amendment's right of confrontation in objecting to the admission of Balcarcel's testimony—and thereby made a timely Confrontation Clause objection, *see Dukagjini*, 326 F.3d at 60—*de novo* review is appropriate on appeal, subject to harmless error analysis. We also review a district court's evidentiary ruling for abuse of discretion, *see United States v. Saget*, 377 F.3d 223, 231 (2d Cir.2004), and will vacate a defendant's conviction only if the error was not harmless, *see Garcia*, 291 F.3d at 143.

Testimonial evidence offered against the defendant by a witness not present at trial can only be admitted if the witness is unavailable and the defendant has had a prior opportunity to cross-examine the defendant, *see Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004); *see also Saget*, 377 F.3d at 226, because, for testimonial statements, "the only indicium of reliability sufficient to satisfy constitutional demands is ... confrontation." *Crawford*, 124 S.Ct. at 1374. Similarly, for an unavailable declarant's former testimony to be admissible under Federal Rule of Evidence 804(b)(1), the

party against whom the testimony is offered must have "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed.R.Evid. 804(b)(1).

The fundamental purpose of the prior opportunity to cross-examine is to ensure that the former testimony was "endow[ed] ... with some 'indicia of reliability'; 'the trier of fact [must have] a satisfactory basis for evaluating the truth of the prior statement.'" *United States v. Ciak*, 102 F.3d 38, 43 (2d Cir.1996) (quoting *Mancusi v. Stubbs*, 408 U.S. 204, 216, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972) (further internal quotation marks and citation omitted; alteration in *Ciak*)). Thus, in determining whether the former testimony of an unavailable witness, whom defendant has had a prior opportunity to cross-examine at an earlier trial, can be admitted at a subsequent trial without violating the Confrontation Clause, this Court has "look[ed] to the actual transcript of [the witness's] testimony—in particular to [defense counsel's] cross-examination of [the witness]—to determine whether the cross-examination imbue[d] the testimony with the requisite 'indicia of reliability,'" through "a serious effort by [defense counsel] to undermine and discredit [the witness's] testimony," including by "question[ing] [the witness] about certain inconsistencies" in his testimony and "elicit[ing] testimony on [the witness's] own criminal record." *Ciak*, 102 F.3d at 44. Similarly, in resolving the issue of admissibility under Federal Rule of Evidence 804(b)(1), we have observed that the opportunity for cross-examination " 'is generally satisfied when the defense is given a full and fair opportunity to probe and expose [the] infirmities [of testimony] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony,'" *United States v. Salim*, 855 F.2d 944, 953–54 (2d Cir.

1988) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 22, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (*per curiam*) (alteration in *Salim*)); furthermore, "[w]here both proceedings are trials and the same matter is seriously disputed at both trials, it will normally be the case that the side opposing the version of a witness at the first trial had a motive to develop that witness' testimony similar to the motive at the second trial," *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir.1993).

After carefully reviewing the vigorous cross-examination of Balcarcel conducted at the first trial—which included references to Balcarcel's past criminal activities and previous instances in which he lied to the government, as well as questions regarding his motive for testifying as he did—we conclude that this prior cross-examination sufficiently allowed the jury at the second trial to evaluate the truth of Balcarcel's testimony, and that Garcia had a similar motive in both trials. This conclusion is further strengthened by the facts that evidence of Balcarcel's flight was put before the jury in the second trial, defense counsel emphasized the flight in his summation, and the district court specifically referred to it in the charge to the jury. Therefore, the admission of Balcarcel's prior testimony at Garcia's second trial did not violate Garcia's right to confrontation under the Sixth Amendment, nor was it contrary to Federal Rule of Evidence 804(b)(1).

We further conclude that Garcia's claim of ineffective assistance of counsel—which, as it is presented on direct appeal, we can and do "decide ... on the record before us," *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir.2004) (internal quotation marks and citation omitted), and which we review *de novo, see United States v. Blau*, 159 F.3d 68, 74 (2d Cir.1998)—lacks merit. Garcia has not shown that his "counsel's

representation fell below an objective standard of reasonableness," according to "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED. The mandate will be held pending the Supreme Court's decisions in *United States v. Booker*, No. 04–104, 125 S.Ct. 11 (*cert. granted* Aug. 2, 2004), and *United States v. Fanfan*, No. 04–105, 125 S.Ct. 12 (*cert. granted* Aug. 2, 2004). Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, the party may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.