**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5126**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

DAVID A. HICKS,

　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.　Joseph R. Goodwin, Chief District Judge.　(2:05-cr-00040-1)

Submitted:　December 11, 2008　　　Decided:　January 20, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.　Charles T. Miller, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David A. Hicks appeals his conviction after a jury trial of two counts of production of child pornography, in violation of 18 U.S.C. § 2251(b) (2006); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2006); and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (2006). We affirm.

Hicks makes seven arguments on appeal: (1) the evidence was insufficient to support his conviction for production of child pornography; (2) the district court erred by excluding evidence that someone other than Hicks placed pornography on his computer; (3) the district court erred in permitting the Government to introduce evidence of Hicks's other bad acts; (4) the district court erred in denying Hicks's motion to suppress evidence obtained from the search of his home because the search warrant was issued without probable cause; (5) the district court erred by limiting cross-examination of child witnesses; (6) Hicks's counsel was constitutionally ineffective; and (7) the cumulative effect of errors at trial deprived Hicks of a fair trial.

I. Sufficiency of the evidence

We affirm a conviction challenged for sufficiency of the evidence if, viewing the evidence in the light most

favorable to the Government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). A defendant challenging a conviction for sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We "consider circumstantial as well as direct evidence, and allow the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008).

In order to prove Hicks produced child pornography, the Government must show: (1) Hicks knowingly permitted a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction; (2) Hicks had custody or control of the minor; and (3) the visual depiction was produced using materials transported in interstate or foreign commerce. See 18 U.S.C. § 2251(b). Hicks does not dispute that the individual depicted was under eighteen when the photographs were taken and

3

was therefore a minor; he had custody and control over the minor; the photographs depict the minor engaging in sexually explicit conduct; and the camera used to take the pictures had been transported in interstate or foreign commerce. Accordingly, the only element at issue was whether Hicks "knowingly permitted" the minor to engage in sexually explicit conduct.

We have reviewed the record and find that sufficient evidence supported the conclusion that Hicks knowingly permitted the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction. The Government produced myriad evidence that Hicks cultivated an environment where prepubescent girls were encouraged to dance and pose in various states of undress in front of cameras. The minor depicted in the photographs at issue testified that, though she was unsure whether the pictures were taken by Hicks or his daughter, Hicks was present when the photographs were taken. Accordingly, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

II. Exclusion of alternative perpetrator evidence

We review a district court's decision to exclude evidence for abuse of discretion. See United States v. Singh, 518 F.3d 236, 254 (4th Cir. 2008). Generally, criminal

4

defendants have the right to introduce evidence before a jury that might influence the determination of guilt.  See Taylor v. Illinois, 484 U.S. 400, 408 (1988).  However, this right is not unlimited, but is subject to certain restrictions.  See United States v. Scheffer, 523 U.S. 303, 308 (1998).  For example, the defendant is required to comply with state and federal rules of procedure "designed to assure both fairness and reliability in the ascertainment of guilt and innocence."  Chambers v. Mississippi, 410 U.S. 284, 302 (1973).  Evidentiary exclusions will not be found to violate the Constitution "so long as they are not arbitrary or disproportionate to the purposes they are designed to serve."  Scheffer, 523 U.S. at 308 (internal quotation marks and citation omitted).

Hicks sought to introduce evidence suggesting that it was his estranged wife and her boyfriend who placed the child pornography on Hicks's computer.  When determining whether evidence of an alternative perpetrator should be admitted at trial, other Courts of Appeals have found that such evidence "is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant."  DiBenedetto v. Hall, 272 F.3d 1, 8 (1st Cir. 2001).  See Wade v. Mantello, 333 F.3d 51, 60 (2d Cir. 2003) (finding that third-party animus did not establish sufficient connection); United States v. Jordan, 485

5

F.3d 1214, 1219 (10th Cir. 2007) (holding there must be a nexus between crime charged and alleged alternative perpetrator). In each of these cases, the courts balanced two evidentiary values: the admission of relevant evidence probative of defendant's guilt or innocence with "the exclusion of prejudicial, misleading, and confusing evidence." Jordan, 485 F.3d at 1218.

Though the district court stated that it used a combination of a balancing test and direct connection test, the tests are merely different sides of the same coin. Requiring the defendant to demonstrate a nexus between the crime charged and the alleged alternative perpetrator mitigates jury confusion and undue prejudice, two factors that must be balanced against the introduction of relevant evidence. See Jordan, 485 F.3d at 1219. Here, the district court refused to allow the introduction of alternative perpetrator evidence without the prior establishment of a connection between such evidence and the child pornography found on Hicks's computer. Hicks was unable to provide such a nexus. Accordingly, we find that the district court did not abuse its discretion in excluding Hicks's alternative perpetrator evidence.

III. Admission of evidence of other bad acts

Hicks next argues that evidence regarding Hicks's bad character and collateral bad acts should have been excluded

6

under Fed. R. Evid. 404(b) and Fed. R. Evid. 403. We review the admission of evidence for abuse of discretion. See United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).

Rule 404(b), which applies to acts extrinsic to the crime charged, prohibits the admission of evidence of a person's prior conduct solely to prove a defendant's bad character, or conduct in conformity with defendant's bad character. Such evidence may be admissible for other purposes, such as "'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (quoting Fed. R. Evid. 404(b)). For such evidence to be admissible under Rule 404(b), it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." Id. at 312 (citing United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)). Additionally, the probative value of the evidence must not be substantially outweighed by unfair prejudice. Id. (citing Fed. R. Evid. 403; Queen, 132 F.3d at 997). After reviewing the record, we find that the challenged evidence falls under the exception to Rule 404(b) and its probative value outweighs any prejudicial effects.

7

IV. Admission of evidence seized during a search of Hicks's home and computer

Hicks next argues that the district court erred in denying his motion to suppress evidence seized during a search of his home and computer. He contends that the search should not have been authorized because the application and affidavit did not establish probable cause that child pornography would be found in Hicks's home or computer.

Factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When the district court denies a defendant's suppression motion, we review the evidence in the light most favorable to the Government. See United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006). In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). We afford great

8

deference to a judge's findings of probable cause.  Gates, 462 U.S. at 236.

The lengthy affidavit presented to the magistrate judge in support of the search warrant included statements made by a minor that Hicks had taken nude photographs of her while she was bathing, and that she had later observed these photographs on his home computer.  This assertion was independently corroborated by another juvenile, who estimated she had seen thirty photographs of the minor on Hicks's computer, and had actually seen Hicks take nude photographs of the minor.  Finally, Hicks's wife, from whom he is legally separated, informed the child protective services interviewer that she had seen Hicks download child pornography on his computer.  We find this evidence to be more than sufficient to "convince a person of reasonable caution" that child pornography would be found on Hicks's computer and in Hicks's apartment. Accordingly, the district court did not err in denying Hicks's motion to suppress.

V.  Limitation of the cross-examination of the Government's child witnesses

Next, Hicks contends that the district court erred by refusing to allow defense counsel to cross-examine two child witnesses about past instances of molestation by perpetrators

9

other than Hicks. We review a district court's decision to limit cross-examination for abuse of discretion. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). The Sixth Amendment's Confrontation Clause guarantees the accused the right to cross-examine witnesses. However, the Confrontation Clause does not guarantee counsel the right to unfettered, unlimited cross-examination, nor does it prevent a trial judge from imposing reasonable limits on cross-examination based upon concerns about harassment, prejudice, confusion of the issues, witness safety, repetition, or relevance. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Thus, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985)(per curiam)(emphasis in original).

Here, it is clear from the record that the district court judge did no more than impose a reasonable limit on the cross-examination based upon legitimate concerns of potential harassment of witnesses, confusion of issues, and relevance. Accordingly, we find that such reasonable limitation did not amount to an abuse of discretion.

## VI.  Ineffective assistance of counsel

Hicks next argues that his trial counsel was ineffective by promising to offer alternative perpetrator evidence in his opening statement when he was unprepared to do so during his case-in-chief.  Claims of ineffective assistance of counsel are generally not cognizable on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).

An exception to this general rule exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.  After reviewing the record, we find that it does not conclusively establish Hicks's counsel was ineffective in promising evidence of third-party guilt to the jury when he was unprepared to provide such evidence.  Accordingly, Hicks's ineffective assistance claim is not cognizable on direct appeal.

## VI.  Cumulative error

Finally, Hicks contends that the aggregated impact of trial errors denied him due process and a fair trial.  In support of this assertion, Hicks cites a Tenth Circuit case

11

holding that errors harmless when viewed individually may merit reversal when viewed collectively. See United States v. Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990). We disagree with Hicks's contention. Rivera concerned the aggregation of actual constitutional errors, "not the cumulative effect of all of counsel's actions deemed deficient." Fisher v. Angelone, 163 F.3d 835, 852 n.9 (4th Cir. 1998). Here, Hicks fails to establish any constitutional error on the part of his trial counsel or the district court. As matters "that are not unconstitutional individually cannot be added together to create a constitutional violation[,]" id. at 853, we find that Hicks fails to demonstrate a denial of his rights to due process or a fair trial.

Accordingly, we affirm Hicks's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

12