**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4582

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY EUGENE LINGENFELTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:10-cr-00153-RAJ-TEM-1)

Submitted: March 22, 2012          Decided: April 2, 2012

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Kmetz, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Elizabeth B. Fitzwater, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Eugene Lingenfelter appeals his convictions by jury and his 330-month aggregate sentence for his role in hiring a longtime friend to murder his ex-wife. After thoroughly examining the record and the contentions of the parties, we affirm.

Lingenfelter first contends that, during his trial, the district court improperly limited his ability to cross-examine two prosecution witnesses, thereby violating his rights under the Confrontation Clause. We disagree. "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original). Thus, "[i]t is elementary that trial judges possess wide latitude to impose reasonable limits on cross-examination, based on concerns including harassment, prejudice, confusion of the issues, repetition, or marginal relevance." United States v. Turner, 198 F.3d 425, 429 (4th Cir. 1999) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). See also United States v. Bodden, 736 F.2d 142, 145 (4th Cir. 1984).

In this case, the district court permitted Lingenfelter an opportunity for a "substantial and thorough examination" of both of the witnesses at issue, which is all the Confrontation Clause requires. Turner, 198 F.3d at 430; United States v. Owens, 484 U.S. 554, 559 (1988). Indeed, although Lingenfelter complains about the time limit imposed by the district court on his cross-examination of one of the witnesses, nowhere does he indicate any avenue of questioning or line of inquiry that was foreclosed by the district court's conduct. Cf. United States v. Nelson, 39 F.3d 705, 708 (7th Cir. 1994) (holding that once defendants have been permitted to cross-examine on relevant grounds, "it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury"). Under these circumstances, we can only conclude that any error committed by the district court with respect to either witness was harmless. See Turner, 198 F.3d at 430; Wiggins v. Boyette, 635 F.3d 116, 121-22 (4th Cir.), cert. denied, 132 S. Ct. 214 (2011).

Lingenfelter next claims that the district court erred in denying his motion alleging that his convictions of both conspiracy and for substantive offenses under 18 U.S.C. § 1958(a) (2006) violated his double jeopardy rights. This court reviews questions of double jeopardy de novo. United

3

States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005); United States v. Brown, 202 F.3d 691, 703 (4th Cir. 2000).

By its own terms, § 1958(a) criminalizes anyone (a) who uses interstate commerce facilities or causes another to do so with intent that a murder be committed, or (b) "who conspires to do so." Id. As we have observed elsewhere, "the 'settled principle' that 'the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses' does not give way simply because the statute describing the substantive offense also specifically prohibits conspiracies." United States v. Chandia, 514 F.3d 365, 372 (4th Cir. 2008) (quoting Callanan v. United States, 364 U.S. 587, 593 (1961)). And, as is well-established, a conviction for the substantive offense does not bar a conviction for conspiracy to commit that offense "[b]ecause the former require[s] proof the substantive crime was actually committed while the latter does not, and the latter requires proof of agreement but the former do[es] not." United States v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Here, Count One of the indictment charged Lingenfelter with conspiracy under § 1958(a). Counts Two and Three charged him with substantive violations of § 1958(a) for two separate

4

courses of conduct: on or about April 19, 2010, and on or about June 27, 2010, respectively. Because § 1958(a) does not preclude conviction of both offenses that it describes on the basis of a single course of conduct, and because each offense with which Lingenfelter was charged required proof of an element that the others did not, the Double Jeopardy Clause does not insulate Lingenfelter from conviction on all counts of the indictment. United States v. Johnson, 219 F.3d 349, 358-59 (4th Cir. 2000).

Finally, Lingenfelter claims that he was erroneously accorded a 2-point leadership enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c). This Court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). Our review of the record persuades us that Lingenfelter fully merited a sentencing enhancement under § 3B1.1. See USSG § 3B1.1 cmt. n.4; United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED