NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN NAVARRO, JR., *Appellant.*

No. 1 CA-CR 13-0413
FILED 4-3-2014

---

Appeal from the Superior Court in Yuma County
No. S1400CR201200374
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**REVERSED AND REMANDED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon

*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee

*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

**N O R R I S**, Judge:

¶1        Ruben Navarro, Jr. appeals his conviction and imposition of supervised probation for aggravated assault, a class 4 felony, arguing the superior court violated his rights under the Confrontation Clause of the Sixth Amendment by prohibiting him from cross-examining the alleged victim about a deferred prosecution agreement.   For the following reasons, we agree with Navarro, reverse his conviction and imposition of supervised probation, and remand for further proceedings consistent with this decision.

¶2        On October 11, 2011, Navarro and Fernando O. were involved in a physical altercation at the home of Fernando O.'s cousin, Andres B.  Fernando O. called police to report he had been assaulted. Police arrived and spoke to Fernando O., Andres B., and a third person. Based on their statements, police then went to Navarro's home and cited him for aggravated assault.

¶3        At the time of the altercation, Fernando O. was a party to a deferred prosecution agreement.  Under that agreement, the State agreed to defer prosecution of unrelated assault and disorderly conduct charges ("deferred charges") against Fernando O. in exchange for his agreement to remain a law-abiding citizen for 36 months.   Prior to trial, Navarro disclosed he intended to raise a justification defense under Arizona Revised Statutes section 13-404 (2010) (self-defense).   Defense counsel requested permission to use evidence of the deferred prosecution agreement at trial to impeach Fernando O., asserting:

> The reality is [Fernando O.] had an interest in being the victim.  If [he] had not first reached out to law enforcement or if he had not continued to put himself forward as the victim in this offense, he may have had criminal -- had criminal liability in the municipal court because he was on deferred prosecution.

> So, essentially, he had an incentive to lie. He has a bias. He has a prejudice. And we believe we should be able to go through that during the cross-examination.

The superior court excluded evidence of the agreement, finding there was not "much relevance at all" and "the very small amount of arguable relevance is outweighed by the misleading nature and prejudicial effect of the testimony."

¶4 On appeal, Navarro argues the superior court deprived him of his right to confront and cross-examine Fernando O. in violation of the Confrontation Clause of the Sixth Amendment when it precluded him from mentioning the deferred prosecution agreement. We review superior court rulings that implicate the Confrontation Clause de novo. *State v. Almaguer*, 232 Ariz. 190, 198, ¶ 22, 303 P.3d 84, 92 (App. 2013).

¶5 The Confrontation Clause "protects a defendant's ability to prove a witness's motive or bias," *id.*, and "guarantees an opportunity for effective cross-examination," *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 2d 15 (1985) (emphasis omitted). The right to cross-examine, however, is not absolute; "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674 (1986). Nevertheless, the Supreme Court has distinguished between the imposition of "reasonable limits on" cross-examination and the prohibition of "*all* inquiry into" specific areas of possible motive or bias. *See id.* (although reasonable limits on cross-examination is acceptable, "cutting off all questioning" about event jury could find furnished witness with motive to testify favorably for prosecution violated Confrontation Clause). When a court prohibits a defendant "from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness,'" it violates the Confrontation Clause. *Id.* at 680, 106 S. Ct. at 1436 (alteration in original) (quoting *Davis v. Alaska*, 415 U.S. 308, 318, 94 S. Ct. 1105, 1111, 39 L. Ed. 2d 347 (1974)).

¶6          Here, evidence Fernando O. was a party to a deferred prosecution agreement would have shown "a prototypical form of bias on the part of [Fernando O.]," *see id.*, because a reasonable jury could believe the agreement provided him with a motive to lie about the circumstances of the altercation to avoid the risk of prosecution on the deferred charges. Accordingly, contrary to the superior court's assessment, the evidence was highly relevant. Moreover, the superior court prohibited Navarro from *all* cross-examination relating to Fernando O.'s deferred prosecution agreement, citing concerns over misleading the jury and danger of prejudice. The superior court could have, instead, imposed "reasonable limits on [Navarro's] cross-examination" of Fernando O. by allowing him to introduce evidence of the agreement but excluding evidence of the nature of the deferred charges, thereby eliminating its concerns. *See id.* at 679, 106 S. Ct. at 1435. By excluding *all* evidence of the deferred prosecution agreement on cross-examination, the superior court violated Navarro's rights under the Confrontation Clause of the Sixth Amendment.

¶7          Further, we cannot say the superior court's exclusion of the evidence was "harmless beyond a reasonable doubt." *Id.* at 684, 106 S. Ct. at 1438 ("[T]he constitutionally improper denial of a defendant's opportunity to impeach a witness for bias . . . is subject to . . . harmless-error analysis."). The Supreme Court has identified several factors a court should consider in determining whether a Confrontation Clause error is harmless, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.* (citations omitted).

¶8          We applied those factors in *Almaguer*, a case involving a manslaughter conviction. 232 Ariz. at 192, 197-99, ¶¶ 1, 22-26, 303 P.3d at 86, 91-94. In that case, the superior court barred the defendant from cross-examining the victim's father -- a witness to the murder -- about a civil case the father had filed against the defendant over his son's death. *Id.* at 197-98, ¶¶ 21, 23, 303 P.3d at 91-92. On appeal, we agreed with the defendant that the evidence was relevant to motive and bias, but concluded any error in excluding the evidence was harmless because the defendant "was faced with strong, if not overwhelming, evidence of guilt," and two other eyewitnesses -- the victim's brother and the co-defendant -- testified consistently with the father. *Id.* at 198, ¶ 26, 303 P.3d at 92. In addition, the court allowed the defendant to impeach the father

on cross-examination using prior statements made in connection with the civil suit and noted that evidence of the civil suit was cumulative because "that evidence of bias pale[d] in comparison to [the father]'s testimony about his son dying in his arms." *Id.*

**¶9** Here, the State argues any theoretical error was harmless. We disagree. Unlike *Almaguer*, only one other eyewitness offered corroborating testimony; that witness was Andres B., Fernando O.'s cousin. And, the evidence against Navarro was hardly "overwhelming." *See id.*

**¶10** Although there is no question Navarro punched Fernando O. first, Navarro claimed self-defense at trial, and the record contains evidence to support that defense. Fernando O. testified that before the altercation, Navarro stuck his fingers in Fernando O.'s face and told him to "smell this." Fernando O. testified he was angry because he found Navarro's actions "disrespectful" and he "smacked [Navarro's] hand out the way and told him that if he did that [again], I would hit him." Fernando O. agreed that when he threatened to hit Navarro, he "meant it." During Navarro's testimony, Navarro acknowledged sticking his fingers in Fernando O.'s face but insisted it was a joke. He testified that he did it a second time and Fernando O. "got mad," asked Navarro "who did [he] think [he] was," and "closed his fist and . . . took a step back, kind of like if he was going to do something to me." Navarro further testified he felt threatened and believed Fernando O. was going to hit him and so he "reacted and . . . hit first."

**¶11** Because of this evidence, Fernando O.'s testimony was extremely important to the State's case against Navarro, and his credibility -- indeed, the credibility of all the witnesses -- was the pivotal issue before the jury. Where, as here, "the defendant was denied the opportunity to present evidence relevant to . . . the witness' credibility," we cannot say the exclusion of that evidence was harmless beyond a reasonable doubt, and we must therefore reverse. *State v. Canez*, 202 Ariz. 133, 153, ¶ 62, 42 P.3d 564, 584 (2002) (citation omitted); *see also State v. Lehr*, 201 Ariz. 509, 517, ¶ 29, 38 P.3d 1172, 1180 (2002) ("Credibility and weight are for determination by the jury unassisted by the judge." (quoting *State v. Sanchez*, 400 S.E.2d 421, 424 (N.C. 1991))).

**¶12**     Accordingly, we reverse Navarro's conviction and imposition of supervised probation and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: MJT