2017 UT App 3

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL L. NAY AND TRACY L. HANSON,
Appellants.

Memorandum Decision
No. 20141185-CA
Filed January 6, 2017

Sixth District Court, Richfield Department
The Honorable Wallace A. Lee
No. 121600009

Kenneth L. Combs, Attorney for Appellants

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH and KATE A. TOOMEY
concurred.

CHRISTIANSEN, Judge:

¶1 Defendants Michael L. Nay and Tracy L. Hanson appeal their convictions, arguing that the trial court abused its discretion when it granted the State's motion for a joint trial of the charges against them. Nay and Hanson were tried jointly, and the jury convicted them each of possession of a controlled substance, a third degree felony; production of a controlled substance, a third degree felony; and possession of drug paraphernalia, a class B misdemeanor. The jury also convicted Hanson of possession of a firearm by a restricted person, a third degree felony. We affirm.

¶2 "On appeal from a jury verdict, we view the evidence and all reasonable inferences in the light most favorable to that verdict and recite the facts accordingly." *State v. Dozah*, 2016 UT App 13, ¶ 2, 368 P.3d 863. "We include conflicting evidence as relevant and necessary to understand the issues on appeal." *Id.*

¶3 While executing a search warrant on Hanson's house, police officers entered and discovered Hanson in the living room smoking marijuana with her brother (Brother) and their cousin, Nay. They also discovered equipment for grinding and weighing marijuana and two large plastic bags—one containing loose marijuana and the other containing twelve smaller bags of marijuana. In addition, the officers found a backpack belonging to Nay that contained three glass jars of marijuana. The officers then searched Hanson's bedroom, finding another bag of marijuana, two guns, and an instructional manual titled "Marijuana Horticulture: The Indoor/Outdoor Medical Grower's Bible." In the basement, they found one marijuana plant growing under a fluorescent light, with a heater and fan nearby, and three harvested plants drying. And in the kitchen, officers found more marijuana in a drawer and in a paper bag on a table.

¶4 The officers arrested Nay, Hanson, and Brother. At the jail, a detective (Detective) informed Hanson of her *Miranda* rights and interviewed her. According to Detective, Hanson was "calm and collected," "seemed coherent," and "was in control of her faculties and knew what was happening." Hanson confessed that the trio had been "trying their hand at growing marijuana," that she and Nay "did the bulk of the work" because Brother was not very good at it, and that Nay and Brother had acquired a couple of pounds of marijuana, which the trio had been weighing and preparing for resale when the officers searched the house. The interview was not recorded.

¶5 The State charged the trio with several drug-related offenses, to which Brother pled guilty. The State then moved to join Nay's and Hanson's cases for trial. Nay and Hanson

opposed joinder, arguing that their defenses were irreconcilable and that, apparently as a result, Hanson's confession was inadmissible hearsay as to Nay. The trial court granted the State's motion, ruling that Nay and Hanson would not suffer prejudice from antagonistic defenses or from inadmissible hearsay. At trial, Brother, Hanson, and Nay testified for the joint defense.

¶6      The gist of Brother's testimony was that, while all three had been smoking marijuana, only he had been growing and selling it. Brother testified that he alone was responsible for growing the marijuana, that he brought the marijuana to Hanson's house to divide and weigh it for sale, and that he tended the marijuana plant in the basement without Hanson's knowledge using a house key he had. He also testified that he had placed the jars of marijuana in Nay's backpack as the police officers entered the house.

¶7      Nay testified that the backpack was his but also that he did not own or have knowledge of the marijuana jars found in it. He also corroborated Brother's claim of sole responsibility for the marijuana. Nay further testified that Hanson had appeared uncomfortable and hesitant when Brother revealed the marijuana and began weighing and bagging it.

¶8      Hanson testified that she did not remember being interviewed by the police, perhaps due to the effects of the marijuana she had smoked that day or due to the stressful situation. She denied the truth of the confession, claiming that Brother was solely responsible for the marijuana and that all she had done was smoke some of it. She testified that she had not provided Brother with a house key and speculated that he must have found and used her hidden house key to enter the house and plant and tend the marijuana plant growing in the basement. Hanson also testified that she had been upset when Brother took out the marijuana and began weighing it and that

she had not known about the marijuana plant in the basement until a day or two before the police searched the house.

¶9 The jury convicted both Nay and Hanson of possession of a controlled substance, production of a controlled substance, and possession of drug paraphernalia. The jury also convicted Hanson of possession of a firearm by a restricted person. Nay and Hanson were fined and sentenced to terms of incarceration that were suspended in favor of probation.

¶10 On appeal, Nay and Hanson contend that the trial court erred "in granting the State's motion to join the two separate defendants' criminal cases." We review for an abuse of discretion a trial court's decision to join or sever charges against multiple defendants. *See State v. Jok*, 2015 UT App 90, ¶ 13, 348 P.3d 385 ("The grant or denial of severance is a matter within the discretion of the trial judge, so we reverse a conviction only if the trial judge's refusal to sever is a clear abuse of discretion in that it sacrifices the defendant's right to a fundamentally fair trial." (brackets, ellipsis, citation, and internal quotation marks omitted)). The trial court's decision as to joinder or severance "will be reversed . . . only if a defendant's right to a fair trial has been impaired." *State v. Collins*, 612 P.2d 775, 777 (Utah 1980).

¶11 Generally, multiple defendants may be tried together when the charges against each defendant stem from the same act or criminal episode. *See* Utah Code Ann. § 77-8a-1 (LexisNexis 2012). However, the defendants may not be tried together "[i]f the court finds a defendant [will be] prejudiced by a joinder of . . . defendants . . . for trial together[.]" *Id.* § 77-8a-1(4)(a). Such prejudice may arise when certain evidence presented at the joint trial would "have been different or unavailable at a separate trial." *See State v. Velarde*, 734 P.2d 440, 445 (Utah 1986).

¶12 Nay and Hanson concede that the charges against them arose from the same act or criminal episode. They contend that joinder was nevertheless inappropriate because they were

prejudiced by joinder of their trials. Specifically, each defendant asserts that some of the evidence presented at the joint trial would have been inadmissible at their individual trials had the joinder motion been denied. In the defendants' objection to the State's motion seeking joinder, Nay asserted (1) that the defendants' theories of the case would be "antagonistic[,] irreconcilable and mutually exclusive" and (2) that Hanson's confession to Detective would be inadmissible hearsay at his individual trial but provided no further explanation or reasoned analysis. Hanson argued that Nay's testimony at a joint trial might assail the accuracy of Hanson's confession and thus draw her general credibility into question. These issues are the only ones preserved for appeal.[1] *State v. Martinez*, 2015 UT App 193, ¶ 27, 357 P.3d 27 ("An issue is preserved for appeal only if it was presented to the trial court in such a way that the trial court had an opportunity to rule on it."); *id.* ("Issues that are not raised at trial are usually deemed waived." (citation and internal quotation marks omitted)).

¶13 We consider first Nay's assertion that Detective's testimony about Hanson's interview, in which she confessed that the trio had been growing marijuana plants and repackaging and selling other marijuana, would have been inadmissible hearsay at his individual trial. "Hearsay is not admissible except as

---

1. On appeal, Hanson does not argue that Nay's testimony weakened her general credibility. Rather, she argues only that, "[w]ithout the irrelevant evidence regarding the fact that Nay was simply a user and not involved, it would not have appeared that [Hanson] was providing [marijuana] to outsiders as a distributer." This argument was not presented to the trial court and is therefore unpreserved for appeal. *State v. Martinez*, 2015 UT App 193, ¶ 27, 357 P.3d 27. In any event, it relies on the unstated and questionable assumption that all evidence of Nay's presence in the house would have somehow been excluded from her individual trial.

provided by law or by these rules." Utah R. Evid. 802. A statement is hearsay when "the declarant does not make [it] while testifying at the current trial or hearing" and "a party offers [it] in evidence to prove the truth of the matter asserted in the statement." *Id.* R. 801(c). But such a statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) is inconsistent with the declarant's testimony or the declarant denies having made the statement or has forgotten[.]" *Id.* R. 801(d)(1).

¶14    On appeal, Nay argues that Hanson "may have been deemed unavailable as a witness in Nay's [individual] trial with regard to the content" of her confession because "her lack of memory made her unavailable." We read this as a challenge to the "subject to cross-examination about a prior statement" element of the non-hearsay test set forth by Utah Rule of Evidence 801(d)(1). However, this argument was not preserved for appeal. *See Martinez*, 2015 UT App 193, ¶ 27. Nay did not argue to the trial court that Hanson's lack of memory about her confession would have rendered her unavailable at his individual trial. Rather, Nay simply asserted to the trial court that "the defense would be successful in excluding Ms. Hanson's alleged confession" because her defense theory and Nay's were "irreconcilable and mutually exclusive."[2] Because Nay did not raise Hanson's lack of memory to a level that the trial court should have been aware of the issue, Nay failed to preserve it for appeal. *See Martinez*, 2015 UT App 193, ¶ 27 (to preserve a claim for appeal, "[t]he appellant must present the legal basis for a claim to the trial court, not merely the underlying facts or a tangentially related claim" (additional brackets, citation, and internal quotation marks omitted)).

---

2. Nay and Hanson's opposition to the State's joinder motion did not explain what their defense theories were or how those theories conflicted with one another.

¶15   Even if Nay had preserved Hanson's lack of memory as an issue, we would readily conclude that her claimed inability to remember making the confession or the circumstances of the interview did not render her unavailable for cross-examination about it at trial. As the United States Supreme Court has explained, "it does not follow that the right to cross-examine is denied by the State whenever the witness' lapse of memory impedes one method of discrediting him." *Delaware v. Fensterer*, 474 U.S. 15, 19 (1985). Similarly, Nay notes that Hanson had a "diminished perception of the events at the time based on her drug-usage infirmity." But, like the completeness of Hanson's memory, the quality of her perception regarding the events relates to the weight and credibility of her testimony, not her availability to testify.

¶16   Because Nay did not raise to the trial court's attention the issue of Hanson's lack of memory as a basis for deeming her unavailable for cross-examination about her confession, the issue was waived for appeal. *See Martinez*, 2015 UT App 193, ¶ 16. Nay has therefore failed to successfully challenge any of the three conditions of rule 801(d)(1)(A), which provides that prior inconsistent statements are not hearsay (i.e., the declarant testifies, is subject to cross-examination about a prior statement, and the declarant's testimony is inconsistent with the previous statement).[3]   Accordingly, Nay has not demonstrated that

---

3. Hanson testified at the joint trial and, when asked about her prior confession, stated, "I don't remember any of that. . . . I don't remember being interviewed, I don't remember what I said." She then testified that, contrary to Detective's characterization of the content of the interview, Brother was solely responsible for the still-growing, already-harvested, and dried-and-packaged-for-sale marijuana found in her house. Her testimony at trial was therefore inconsistent with her confession at the interview.

Hanson's confession would have been excluded from evidence pursuant to the hearsay rule.

¶17    In a related claim on appeal, Nay contends that the Confrontation Clause should have prevented joinder. He argues that, because Hanson's lack of memory would have rendered her unavailable at his individual trial to be cross-examined about her confession, her confession could not have been introduced without a Sixth Amendment Confrontation Clause violation. *See generally Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability [of the witness] and a prior opportunity for cross-examination."). However, as with his other claim on appeal, this issue was not preserved. *See State v. Martinez*, 2015 UT App 193, ¶ 27, 357 P.3d 27. In the opposition to the State's joint-trial motion, Nay made the bare assertions that Hanson's confession would have been inadmissible due to the defendants' irreconcilable defense theories and that the confession would also have been inadmissible hearsay, but did not argue that the confession would have been inadmissible because Hanson would have been unavailable to testify about it due to her lack of memory. Nor did Nay assert any reason that Hanson herself might be unavailable to testify at all.[4] We therefore deem Nay's Confrontation Clause contention waived. *See id*.; *see also State v. Pullman*, 2013 UT App 168, ¶ 27, 306 P.3d 827 ("We are resolute in our refusal to take up constitutional issues which have not been properly preserved, framed and briefed." (brackets, ellipsis, citation, and internal quotation marks omitted)).

---

4. We note that Nay did not argue to the trial court, and does not argue on appeal, that Hanson herself would have been unavailable to testify generally at Nay's individual trial. Rather, Nay's arguments below and on appeal assert only that, due to her lapse of memory, Hanson would have been unavailable to testify specifically about her confession.

¶18    Even if this contention had been properly preserved, we must acknowledge that a witness is not unavailable for Confrontation Clause purposes simply due to a lack of memory. *See Delaware v. Fensterer*, 474 U.S. 15, 21 (1985) (explaining that a witness's "inability to recall on the stand the basis for his [earlier statements] presents none of the perils from which the Confrontation Clause protects defendants in criminal proceedings"); *id.* at 21–22 ("The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion."). As a result, Nay cannot show that Hanson's lack of memory about her confession would have resulted in a violation of his Confrontation Clause rights had the confession been introduced to impeach Hanson's testimony at Nay's individual trial.

¶19    Nay also points to *Bruton v. United States* in support of his arguments. 391 U.S. 123 (1968). *Bruton* held that the admission of a codefendant's confession at a joint trial violated a defendant's Confrontation Clause rights because the codefendant did not testify and therefore was not available for cross-examination. *Id.* at 124, 127–28; *see also Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("The right of confrontation includes the right to cross-examine witnesses. Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other *unless the confessing defendant takes the stand*." (emphasis added) (citation omitted)). Here, as noted above, Nay did not preserve a Confrontation Clause claim, and it is consequently waived. In any event, *Bruton* has no application, because Hanson did testify at the joint trial and Nay did not preserve his arguments as to how and why Hanson would have been unavailable to testify about her confession at Nay's individual trial.

¶20    Because Nay failed to preserve his hearsay and Confrontation Clause contentions as to Hanson's availability to testify about her confession, he has not demonstrated that her

confession could have been excluded from his individual trial. We therefore conclude that Nay was not prejudiced by joinder, because he has not shown that the quantum of evidence at his individual trial would have been different from that presented at the joint trial. *See State v. Velarde*, 734 P.2d 440, 445 (Utah 1986). Hanson's contention on appeal (that evidence of Nay's presence in the house prejudiced her) was likewise not preserved for appeal, and we consequently deem it waived.[5]

¶21   Affirmed.

_____

_____

5. It is troubling that, likely because both Nay and Hanson were represented by the same counsel at trial and on appeal, no exceptions to the preservation rule, such as ineffective assistance of trial counsel, were raised on appeal.